UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:19-CR-078-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| TORREY SHAWNE BATTLE, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Torrey Shawne Battle's Motion for

Compassionate Release. [R. 31] In the Motion, Defendant also moves the Court to appoint

counsel. *Id.* at 1. The United States has responded in opposition. [R. 33; R, 35] Defendant did not

file a reply, and matter is ripe for review. For the reasons stated herein, Defendant's Motion is

denied.

## I.   Background

On September 26, 2019, Mr. Battle pleaded guilty to one count of possession with intent

to distribute (cocaine) and one count of possession of a firearm by a convicted felon. [R. 20] He

was sentenced on January 9, 2020 to 87 months imprisonment (the low end of his Guideline

range) to be followed by 4 years of supervised release. [R. 27] He is currently serving his

sentence at the Federal Correctional Institute at Milan (FCI Milan). *See Inmate Locator*, Bureau

of Prisons, https://www.bop.gov/inmateloc/ (last visited May 3, 2021). His projected release date

is January 4, 2026. *See id.* On January 29, 2021, Defendant filed his motion for a sentence

reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of

the COVID-19 pandemic. [R. 31] That motion included a request for the Court to appoint

- 1 -

counsel. *Id.* at 1.

## II.    Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
>> (A)  ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
>>
>>> (i)  ***extraordinary and compelling reasons warrant such a reduction . . .***
>>>
>>> ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider motions by defendants so long as the defendant satisfied the statute's exhaustion requirement— that is, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18

U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without

consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

#### A.    Appointment of Counsel

Defendant asked the Court to appoint counsel. [R. 33, p.1] There is no constitutional or statutory requirement to appoint counsel where, as here, a defendant moves for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016); *see also United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases). The Court may appoint counsel if doing so is in the interest of fairness. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020). But where an underlying motion of compassionate release will fail, appointing counsel would be futile. *Id.* Further, the issues here are straightforward and resolvable upon a review of the record, and Defendant has proven to be a diligent, effective advocate. Accordingly, appointment of counsel is unnecessary.

#### B.    Compassionate Release

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. The United States notes that

Mr. Battle requested compassionate release from the FCI Milan warden on July 15, 2020, and the request was denied on August 13, 2020. [R. 31, p. 56] Because more than thirty days have passed since Mr. Battle made his request to the warden and the filing of his Motion on January 29, 2021, the Motion is timely. *Alam*, 960 F.3d at 833−35.

    1.  <u>Extraordinary and Compelling Reasons</u>

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In his Motion, Defendant argues for compassionate release due to the "unrelenting presence of COVID-19 at [his] assigned institution" as well as his underlying health conditions (obesity and asthma) which "place [him] at high risk of severe illness or death if [he] were to contract the deadly virus." [R. 31, p. 1] Mr. Battle attaches information concerning his parents who will provide a strong support group for him upon release, a 30-Day Plan upon release (which includes securing a job and getting a bank account), and a 90-Day Plan (which includes building healthier relationships, volunteering in the community to detour others from crime, and committing to working every program recommended by the Court or U.S. Probation). [R. 31-1] He attaches health records and other information concerning FCI Milan's response to the

pandemic. [R. 31-2] The United States does not dispute that Mr. Battle's health issues constitute "extraordinary and compelling" reasons under the statute, but they argue release is precluded upon consideration of the factors under § 3553(a). [R. 33, pp. 7-9]

Defendant argues FCI Milan is battling a recent outbreak of COVID-19, increasing his risk of infection and potentially severe outcomes should he contract the virus. [R. 31, p. 2] After review of the BOP website that tracks these statistics, the Court has some concerns about FCI Milan's efforts to contain the virus. Out of a total prison population of 1,279 total inmates, 252 inmates have already contracted COVID and recovered. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 3, 2021); *FCI Milan*, Bureau of Prisons, https://www.bop.gov/locations/institutions/mil/ (last visited May 3, 2021). Currently, 2 inmates and 4 staff have COVID-19, which indicates improvement in its response to COVID. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 3, 2021).

The Court understands that every COVID diagnosis in prison is serious and must be addressed quickly and effectively. Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on his health issues, the COVID-19 pandemic, and the conditions at FCI Milan—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

2. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just

- 6 -

punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against release. § 3553(a)(1). As to the "nature and circumstances," Defendant's offenses were extremely dangerous. A search by law enforcement of Mr. Battle's apartment found two firearms, nearly $62,000 in cash, over 211 grams of crack cocaine, ammunition and various drug paraphernalia. [R. 19; R. 23, pp. 4-5 (Pre-Sentence Report)] Mr. Battle was a convicted felon at the time and knew he could not possess a firearm. [R. 20] As to the "history and characteristics," Defendant's criminal history includes a prior drug trafficking offense (which is dated), but more recent charges for possession of a controlled substance and third-degree assault. [R. 23, pp. 8-9] Further, he committed the instant offense while under a separate criminal justice sentence. *Id.* at 10. The BOP calculates Mr. Battle's PATTERN score (used to predict recidivism) as "high." [R. 31-2, p. 56]

Turning to the other factors, the Court sentenced Mr. Battle to the bottom of his Guideline range. [R. 23, p. 14] Release at this point would not "reflect the seriousness of the

offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment, especially given that Defendant has served only about two years of his 7-year sentence. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a substantial sentence also weigh against a sentence reduction. Further, the Court carefully considered the mitigating factors in Mr. Battle's background and sentenced him to the bottom of the Guideline range. But release at this point would fail to deter criminal conduct. The Court is impressed with Mr. Battle's well-conceived plans upon release from imprisonment and his desire to re-engage in his community and volunteer to help others who are at risk. [R. 31-1] The Court is further encouraged by the strong support he has from his family, who have generously supported him during his period of incarceration.  But upon consideration of *all* the § 3553(a) sentencing factors release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Torrey Shawne Battle's Motion for Compassionate Release [**R. 31**] is **DENIED**.

2. Defendant will not be appointed counsel.

This the 4th day of May, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY